Decided September 30, 1986

FILED
Clerk
District Court

SEP 30 1986

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

RACHEL CONCEPCION, et al.,

Plaintiffs

v.

AMERICAN INTERNATIONAL KNITTERS
CORPORATION and WILLIE TAN,

Defendants

CIV. ACTION NO. 86-0004

DECISION AND ORDER

THIS MATTER came before the Court on August 14, 1986, for hearing of defendants' motion to reconsider the sanctions imposed by this Court's Decision and Order of June 5, 1986.

A review of the chronology of events leading to the sanctions is warranted. Defendants here are plaintiffs in American International Knitters Corporation, Inc. v. Echon, et al., Commonwealth Trial Court Civil Action No. 86-113, filed March 27, 1986. Less than an hour after filing their lawsuit, defendants here were named as defendants in Concepcion, et al. v. American International Knitters Corporation and Willie Tan, Commonwealth Trial Court Civil Action No. 86-114. The cases stem from the same fact situation and appear to share the same parties.

On April 21, 1986, defendants filed their petition for removal to this Court of Civil Action No. 86-114. Removal was based upon 28 U.S.C. §1441. Defendants cited 29 U.S.C. §201 et seq. as grounds for removal and verified in their petition that "the above described action is a civil action of which this Court

has original jurisdiction under the provisions of Title 28, United States Code, Section 1331 and is one which may be removed to this Court... in that it appears from plaintiffs' complaint... that this action... arises under the Fair Labor Standards Act... ." Defendants then moved to dismiss the action, claiming this Court lacked jurisdiction because the Fair Labor Standards Act does not apply to the Northern Mariana Islands.

Defendants make three arguments in support of their motion to reconsider the imposition of sanctions. First, that a defendant who removes an action to district court has an absolute right to challenge the federal court's jurisdiction. Second, that a Rule 11 application for attorney fees can only be made by motion. And, third, that notice and an opportunity to be heard must be given the offending party prior to imposition of sanctions.

Defendants support their first proposition with a number of case citations, most dating from near the turn of the century. A complete reading of these cases shows that they do not support the claim that a defendant has an absolute right to remove to federal court and then challenge the federal court's jurisdiction. In each case except <u>Heine v. New York Life Insurance Co.</u>, 50 F.2d 382 (9th Cir. 1931), the federal court decided it had no jurisdiction because the state court from which the case was removed lacked jurisdiction initially. The state courts had either failed to acquire personal jurisdiction over the defendant or the case was of a type in which jurisdiction was vested exclusively in the federal court. Removal jurisdiction is derivative and, histori-

cally, defects in jurisdiction of the state court could not be cured by removal to the federal court. The federal court was obliged to dismiss, even if it would have had jurisdiction had the case been filed there originally. This result has been much criticized through the years. See, e.g., 1A Moore's Federal Practice §0.157[3.-2], pp. 58-62. [1]/

In Heine the federal court declined jurisdiction in order to "protect itself from a deluge of litigation by non-residents, inspired by contingent retainers to avoid or overcome foreign laws and interpretation and application thereof by foreign courts of the country of the situs of the contract." Heine, at 387. Specifically, the court chose not to exercise jurisdiction over cases involving many thousands of insurance policies, issued in Germany to German residents and citizens, written in German, and payable in German currency.

Here the argument is made, as it was in the cited cases, that the federal court lacks jurisdiction. But the cited cases are inapposite. They support only an argument that dismissal by the federal court is proper if the state court had no jurisdiction to begin with. That was not defendants' argument. Rather, defendants argued that the FLSA does not apply in the Northern Mariana Islands, whether in the local trial courts or the district court. Removal under these circumstances could have been for one purpose only: delay. Because of this, the Court stands by the reasoning of its prior determination that removal was not warranted by existing law.

846

Rule 11 states in relevant part:

> [T]he signature of an attorney... constitutes
> a certificate by him that he has read the
> pleading, motion, or other paper; that to the
> best of his knowledge, information, and belief
> formed after reasonable inquiry it is well
> grounded in fact and is warranted by existing
> law or a good faith argument..., and
> that it is not imposed for any improper pur-
> pose, such as to harass or cause unnecessary
> delay or need.

Sanctions were imposed as well because reasonable inquiry would have disclosed that the Fair Labor Standards Act does apply in the Commonwealth. Section 502(a)(2) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America states:

> The following laws of the United States in
> existence on the effective date of this
> Section and subsequent amendments to such
> laws will apply to the Northern Mariana
> Islands, except as otherwise provided in
> this Covenant:
> (2) Those laws not described in paragraph
> (1) which are applicable to Guam and which
> are of general application to the several
> States as they are applicable to the seve-
> ral States... ..

Even a cursory reading of the Covenant reveals this straightforward test for determining the applicability of United States laws in the Northern Mariana Islands. The issue is well-settled. See, e.g., David v. Camacho, Commonwealth Trial Court Civil Action No. 84-265 (April 19, 1985), aff'd, District Court for the Northern Mariana Islands, Appellate Division No. 85-9010 (June 13, 1986).

841

Defendants' actions lacked the good faith required by Rule 11. The Court cannot accept defendants' belated attempt to justify removal as a tool for inspiring plaintiffs to improve their pleadings. The Court is left with the inescapable conclusion that removal was effected solely to vex and harass plaintiffs, to delay resolution of the lawsuit, and to increase costs of litigation.

Defendants next argue that a Rule 11 application for attorney fees can be made only by motion. That is not the case:

> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it... an appropriate sanction...

Clearly, a court may impose sanctions on its own initiative under Rule 11 or sua sponte under its inherent power. In re Securities Litigation, No. 84-1505 (9th Cir. June 3, 1986). It should be clarified here that, although plaintiffs sought sanctions, the Court acted on its own initiative in imposing sanctions and not directly in response to plaintiffs' request. Nevertheless, the Court is of the opinion that defendants were properly put on notice. Plaintiffs made the request in their May 23, 1986, memorandum. The Court believes this was sufficient to bring the matter within the purview of Local Rule 220-6, which provides that the opponent of a motion may also serve and file any motion related to the subject matter of the original motion.

Finally, defendants argue that they were entitled to notice and a hearing prior to imposition of sanctions. Defendants did not support this contention with any authority. If sanctions

842

are imposed at the request of an opponent, the "procedure obviously must comport with due process requirements." Notes of Advisory Committee on Rules, Fed. R. Civ. P. 11 (West Pub. Co. 1986). Because the court levied sanctions on its own initiative, this issue need not be addressed. However, defendants were placed on notice and have had the opportunity to be heard.

For the reasons given above, defendants' motion for reconsideration is DENIED.

Plaintiffs' counsel have submitted affidavits in support of an award of costs and attorney fees, as directed by this Court's previous order. The Court has reviewed the affidavits and finds that they reflect a reasonable number of hours spent researching and preparing this issue only, and that a reasonable hourly rate is claimed. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 55 U.S.L.W. 1006 (U.S. July 8, 1986). Attorney Bergsma is awarded attorney fees of $830.00 and costs of $4.33 and attorney Yana is awarded attorney fees of $230.00. Sanctions are to be borne by defendants' attorney and are to be paid within thirty days of the date of this Order. Plaintiffs' request for attorney fees and costs relative to the motion to reconsider is denied.

IT IS SO ORDERED.

Judge Alfred Laureta

1. The Judicial Improvements Act of 1985, a portion of which is now codified in 28 U.S.C. §1441, provides in Section 3(e) that a district court to which a civil action has been removed is no longer precluded from hearing and determining any claim in the action merely because the state court lacked jurisdiction at the outset.